# IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS, STATE OF MISSOURI

James Mounsey, )
)
    Plaintiff, )
)
v. )
)
St. Louis Irish Arts, Inc., )
) Cause No. _____
Serve:    7480 Whitehaven Dr. )
          St. Louis, MO 63123 )
) Division No. _____
)
    and )
)
Helen Gannon, )
)
Serve:    7480 Whitehaven Dr. )
          St. Louis, MO 63123 )
)
    Defendants. )

*(stamps: 14SL-CC02670 · 2014 AUG 8 · 5 · 2014 AUG -8 PM 2: 25 · JOAN M. GILMER CIRCUIT CLERK · FILED CIRCUIT COURT OF ST. LOUIS COUNTY)*

## Petition
## Employment Discrimination Under the
## Missouri Human Rights Act and Under 42 U.S.C. Sec. 1981

COMES NOW Plaintiff, by and through counsel, and for his Petition against

Defendant St. Louis Irish Arts ("SLIA"), and Defendant Helen Gannon

("Defendants") states and alleges as follows:

### Jurisdiction And Venue

1.    This action arises under Missouri Human Rights Act, Mo. Rev. Stat.

§§ 213.010 - §§ 213.126 (hereinafter referred to as "MHRA") and the common law

1



of the State of Missouri.

2.      The unlawful employment practices complained of herein were committed within the County of St. Louis, Missouri.

3.      This action also arises under 42 U.S.C. Sec. § 1981.

4.      The unlawful failure and refusal to contract complained of herein was committed within the jurisdiction of this Court.

5.      42 U.S.C. Section 1981(a) states that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . ."

6.      In 1991, Congress clarified and broadened the reach of Section 1981's protection of the right to contract.  The language of 42 U.S.C. Section 1981(b) now states that "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

7.      The prohibition against racial discrimination in the making and enforcement of contracts applies to all phases and incidents of the contractual relationship.  Rivers v. Roadway Express, Inc., 511 U.S. 298, 302 (1994).

### Parties

8.      Plaintiff James Mounsey is a white, male resident of St. Louis, and a former employee of Defendants.

9.     Defendant St. Louis Irish Arts is incorporated in Missouri with its principal place of business in Maplewood, Missouri.  It is an employer as defined under the MHRA.

10.     Defendant Gannon was Plaintiff's supervisor and an employer of Plaintiff as defined under the Missouri Human Rights Act, Section 213.010(7). Defendant Gannon is a resident of Missouri.

11.     At all times material to this action, Defendants have engaged in an industry affecting commerce, and had six or more employees for each working day of twenty or more calendar weeks.

12.     On May 15, 2012, Defendant Helen Gannon, under penalty of perjury, represented to U.S. Citizen and Immigration Services that Defendant had six employees on Plaintiff's I-129 H application.

<u>**Administrative Procedures**</u>

13.     Plaintiff timely filed a Charge of Discrimination with the EEOC and Missouri Commission on Human Rights ("MCHR") on December 6, 2013, as a result of the agreement between those two agencies.

14.     Thereafter, Plaintiff received a Notice of Right to Sue from the MCHR on June 6, 2014, and has initiated this action within ninety (90) days of the date of the notice.

3

### Facts Common to All Counts

15.     Plaintiff worked for Defendants as a music and dance instructor at SLIA.

16.     Plaintiff was an H-1B visa holder and St. Louis Irish Arts was his sponsor when he came to this country in 2012.

17.     Plaintiff fulfilled the commitments he made to the organization to come to the U.S. and provide music, dance instruction and lecturing with SLIA and cooperating organizations.

18.     Plaintiff was a popular and successful music and dance instructor with SLIA.

19.     Defendants began to discriminate against Plaintiff in the terms and conditions of his employment because his partner is a black man.

20.     This was frowned upon by SLIA, Helen Gannon and the SLIA Board of Directors.

21.     SLIA and Ms. Gannon stated in their application sponsoring Plaintiff for an H-1B visa to work in the United States that he would work between 15 and 30 hours per week and be paid $18.55 per hour.

22.     Because of Plaintiff's vulnerable situation being dependent on SLIA for his visa, Plaintiff was required to work far greater hours than those represented in his visa application.  Plaintiff was not paid for those additional hours worked, so

4

her was forced to file a complaint with the Department of Labor.

23.     On July 3, 2012, Helen Gannon sent Plaintiff an email showing her discriminatory motives.  She stated that she was upset that he had brought his partner to the concert he was presenting for SLIA.

24.     Ms. Gannon told someone that the "black kid" sitting in the lobby was part of the SLIA group but then asked Plaintiff to "to please keep my personal life outside of the school" and that his relationship "is causing a distraction in your work and in the school."  Ms. Gannon continued that she was having "second thoughts about [my] future involvement with the school for many reasons."  Ms. Gannon went on to state that "[y]ou have made some grave decisions very very quickly which will affect every aspect of your life. Flaunting them and forcing us to accept them will have consequences out of your control."

25.     Plaintiff provided a letter to Helen Gannon in September 2013 explaining that Plaintiff was potentially unable to continue work because of the hostile work environment created by the response to his dating a black man that was brought up by SLIA as an issue.

26.     SLIA did not pay Plaintiff's full and due wages and Plaintiff was forced to file a complaint with the Department of Labor.

27.     Plaintiff was harassed and undermined by other members of the SLIA staff, including undermining him to his students.

28.    When she was notified of this activity, Ms. Gannon did nothing to support Plaintiff and allowed the harassment and undermining to continue.

29.    Plaintiff suffered emotional distress including anxiety and depression due to Defendants' discrimination and harassment.

30.    Plaintiff continued to work as a subcontractor through SLIA teaching Irish Music and Dance at Washington University, University of Missouri St. Louis and Springboard, affiliated with the St. Louis Public Schools.

31.    SLIA presented Plaintiff with an ultimatum that they demanded he sign before returning to Ireland to visit family on December 9, 2013, on a previously planned trip.

32.    That ultimatum unilaterally changed the terms and conditions on which Plaintiff agreed to come here on the H-1B visa and the motivating factor for its issuance is the fact that he was dating a black man, and his complaint in September 2013 to Helen Gannon.

33.    Plaintiff was told that if he did not sign the ultimatum by December 9, 2013, that SLIA would revoke its sponsorship of his visa.

34.    The fact that Plaintiff was a white man dating a black man (associated with) and complained about the hostile work environment is a contributing/motivating factor in the failure of SLIA to pay his wages, and in its decision to change the terms and conditions of his employment.

6

35.   Defendants unilaterally threatened to cease sponsorship of Plaintiff's

visa if he did not agree to what he believed to be unlawful employment

discrimination.

36.   Plaintiff filed his charge of discrimination in response to this

ultimatum on December 6, 2013.

37.   On December 9, 2013, as previously planned, Plaintiff returned home

to Ireland to visit his family.

38.   On December 18, 2013, Plaintiff was contacted by Martha Stegmaier,

his contact at Springboard St. Louis.  She attached a letter from Helen Gannon

stating that Plaintiff was no longer affiliated with SLIA and thereby terminating his

contract to teach at Springboard. She stated: "See Helen's letter attached to the

email she sent last night.  I am so sorry.  Are you going to try to have another

organization sponsor you?"

39.   On December 18, 2013, Plaintiff was contacted by Joel Glassman, his

contact at University of Missouri St. Louis.  He attached a letter from Helen.

Gannon stating that Plaintiff was no longer affiliated with SLIA and thereby

terminating his contract to teach at Springboard.  He stated: "Please contact me

about this change of status.  If I don't hear from you by the end of this week I will,

with regret, by obliged to cancel your winter/spring music class."

40.   SLIA and Ms. Gannon terminated Plaintiff's employment and visa on

7

February 25, 2014, because, in part, he filed an MCHR Charge of Discrimination on December 6, 2013.

### Count I - MHRA – Retaliation

41. Plaintiff incorporates by reference Paragraph No. 15 through 40.

42. Plaintiff's complaints to Defendants about how he was treated differently than other employees because of his race is protected activity and a contributing factor in his discharge because employees who did not complain about discrimination were not discharged.

43. Defendants, by these actions alleged above, have discriminated against Plaintiff on account of his protected activity, in violation of the MHRA.

44. As a consequence of Defendants' actions as described herein, Plaintiff has lost and continues to lose wages and other financial incidents and benefits of employment.

45. As a consequence of Defendants' actions as described herein, Plaintiff has experienced emotional distress.

46. As a consequence of Defendants' actions described herein, Plaintiff has incurred, and will continue to incur, attorney's fees, costs, and expenses.

47. The conduct of Defendants was outrageous and undertaken willfully with reckless disregard for the rights of Plaintiff.

48. Plaintiff's combined damages on this count are in an amount not less

8

than Twenty-Five Thousand Dollars ($25,000).

Wherefore, Plaintiff requests a jury trial and that this Court enter judgment in his favor and against Defendants declaring that Defendants have engaged in unlawful employment practices with respect to Plaintiff in violation of his rights protected by the MHRA; that Plaintiff be compensated for all losses and damages suffered by him, including, but not limited to, past and future lost income, hedonic damages, emotional distress damages, other lost financial benefits of employment, and an amount to compensate Plaintiff for any tax treatment of a damages award; that Defendants be ordered to pay Plaintiff a sum as and for punitive damages; that Plaintiff be awarded pre-judgment and/or post-judgment interest on her damages; and that Plaintiff be awarded attorneys' fees and costs reasonably expended on this case and further relief as this Court deems appropriate under the circumstances.

### Count II - MHRA – Race

49.     Plaintiff incorporates by reference Paragraph No. 15 through 40.

50.     Employees who dated persons of the same race were not treated differently as Plaintiff was because he was dating someone of a different race.

51.     Plaintiff's race is a contributing factor in his discharge because employees who dated people of the same race were not discharged.

52.     Defendants, by these actions alleged above, have discriminated against Plaintiff on account of his race, in violation of the MHRA.

53.     As a consequence of Defendants' actions as described herein, Plaintiff has lost and continues to lose wages and other financial incidents and benefits of employment.

54.     As a consequence of Defendants' actions as described herein, Plaintiff has experienced emotional distress.

55.     As a consequence of Defendants' actions described herein, Plaintiff has incurred, and will continue to incur, attorney's fees, costs, and expenses.

56.     The conduct of Defendants was outrageous and undertaken willfully with reckless disregard for the rights of Plaintiff.

57.     Plaintiff's combined damages on this count are in an amount not less than Twenty-Five Thousand Dollars ($25,000).

Wherefore, Plaintiff requests a jury trial and that this Court enter judgment in his favor and against Defendants declaring that Defendants have engaged in unlawful employment practices with respect to Plaintiff in violation of his rights protected by the MHRA; that Plaintiff be compensated for all losses and damages suffered by Plaintiff, including, but not limited to, past and future lost income, hedonic damages, emotional distress damages, other lost financial benefits of employment, and an amount to compensate Plaintiff for any tax treatment of a damages award; that Defendants be ordered to pay Plaintiff a sum as and for punitive damages; that Plaintiff be awarded pre-judgment and/or post-judgment

10

interest on her damages; and that Plaintiff be awarded attorneys' fees and costs reasonably expended on this case and further relief as this Court deems appropriate under the circumstances.

### Count III - Section 1981 – Race

58.   Plaintiff incorporates by reference Paragraph No. 15 through 40.

59.   Employees who dated persons of the same race were not treated differently as Plaintiff was because he was dating someone of a different race.

60.   Plaintiff's race is a motivating factor in his discharge because employees who dated people of the same race were not discharged.

61.   Defendants, by these actions alleged above, have discriminated against Plaintiff on account of her race, in violation of Section 1981.

62.   As a consequence of Defendants' actions as described herein, Plaintiff has lost and continues to lose wages and other financial incidents and benefits of employment.

63.   As a consequence of Defendants' actions as described herein, Plaintiff has experienced emotional distress.

64.   As a consequence of Defendants' actions described herein, Plaintiff has incurred, and will continue to incur, attorney's fees, costs, and expenses.

65.   The conduct of Defendants was outrageous and undertaken willfully with reckless disregard for the rights of Plaintiff.

Wherefore, Plaintiff requests a jury trial and that this Court enter judgment in her favor and against Defendants declaring that Defendants have engaged in unlawful employment practices with respect to Plaintiff in violation of her rights protected by Section 1981; that Plaintiff be compensated for all losses and damages suffered by Plaintiff, including, but not limited to, past and future lost income, hedonic damages, emotional distress damages, other lost financial benefits of employment, and an amount to compensate Plaintiff for any tax treatment of a damages award; that Defendants be ordered to pay Plaintiff a sum as and for punitive damages; that Plaintiff be awarded pre-judgment and/or post-judgment interest on her damages; and that Plaintiff be awarded attorneys' fees and costs reasonably expended on this case and further relief as this Court deems appropriate under the circumstances.

### Count IV - Section 1981 – Retaliation

66.  Plaintiff incorporates by reference Paragraph No. 15 through 40.

67.  Plaintiff's complaints to Defendants about how he was treated differently than other employees because of his race is protected activity.

68.  Plaintiff's complaints about being treated differently because of his race are a motivating factor in his discharge.

69.  Defendants, by these actions alleged above, have discriminated against

Plaintiff on account of his protected activity, in violation of Section 1981.

70.   As a consequence of Defendants' actions as described herein, Plaintiff has lost and continues to lose wages and other financial incidents and benefits of employment.

71.   As a consequence of Defendants' actions as described herein, Plaintiff has experienced emotional distress.

72.   As a consequence of Defendants' actions described herein, Plaintiff has incurred, and will continue to incur, attorney's fees, costs, and expenses.

73.   The conduct of Defendants was outrageous and undertaken willfully with reckless disregard for the rights of Plaintiff.

Wherefore, Plaintiff requests a jury trial and that this Court enter judgment in his favor and against Defendants declaring that Defendants have engaged in unlawful employment practices with respect to Plaintiff in violation of his rights protected by Section 1981; that Plaintiff be compensated for all losses and damages suffered by Plaintiff, including, but not limited to, past and future lost income, hedonic damages, emotional distress damages, other lost financial benefits of employment, and an amount to compensate Plaintiff for any tax treatment of a damages award; that Defendants be ordered to pay Plaintiff a sum as and for punitive damages; that Plaintiff be awarded pre-judgment and/or post-judgment interest on her damages; and that Plaintiff be awarded attorneys' fees and costs

reasonably expended on this case and further relief as this Court deems appropriate

under the circumstances.

Respectfully submitted,

**GHIO & DESILETS, LLP**

By: *Matthew J. Ghio*

Matthew J. Ghio                    #44799
The Historic Dickmann Building
3115 S. Grand, Suite 300
St. Louis, Missouri 63118
(314) 266-1873
(314) 732-1404 (fax)
matt@ghioemploymentlaw.com

14



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>THEA A SHERRY | Case Number: 14SL-CC02670 |
|---|---|
| Plaintiff/Petitioner:<br>JAMES MOUNSEY | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW JOHN GHIO<br>SUITE 300<br>3115 S GRAND<br>SAINT LOUIS, MO 63118 |
| vs. | |
| Defendant/Respondent:<br>ST LOUIS IRISH ARTS INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: HELEN GANNON
Alias:

7480 WHITEHAVEN DR
SAINT LOUIS, MO 63123



COURT SEAL OF

ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

12-AUG-2014
Date

Further Information:
RAB

_Joan _____ _____
Clerk

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____                    _____
                                        Date                                        Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $  10.00 | |
| Mileage | $_____ | (_____ miles @ $_____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* Document ID# 14-SMCC-8990    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                              54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI.

| Judge or Division:<br>THEA A SHERRY | Case Number:  14SL-CC02670 |
|---|---|
| Plaintiff/Petitioner:<br>JAMES MOUNSEY | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW JOHN GHIO<br>SUITE 300<br>3115 S GRAND<br>SAINT LOUIS, MO  63118 |
| Defendant/Respondent:<br>ST LOUIS IRISH ARTS INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  ST LOUIS IRISH ARTS INC
                          Alias:

7480 WHITEHAVEN DR
SAINT LOUIS, MO 63123



COURT SEAL OF

ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>12-AUG-2014</u>
Date

Further Information:
RAB

_____
Clerk

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                          Date                               Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $  10.00 |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* Document ID# 14-SMCC-8989      1      (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                      54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# GHIO & DESILETS, LLP
## Attorneys at Law

Matthew J. Ghio
Christopher M. Desilets

3115 S. Grand Blvd., Suite 300
St. Louis, Missouri 631118

Phone: (314) 266-1873
Fax:   (314) 732-1404
matt@ghioemploymentlaw.com

August 13, 2014

Please Cancel service on the below case. Thank you.

Very truly yours,

*Matthew J Ghio*

Matthew J. Ghio

**CASE NO: 14SL-CC02670 - JAMES MOUNSEY V ST LOUIS IRISH ARTS INC ETAL**

MOBAR: 44799
TO: Matthew John Ghio

YOU ARE HEREBY NOTIFIED that the court duly entered the following:

| Filing Date | Filing Time | Description | Text * | Last Activity |
|---|---|---|---|---|
| 12-Aug-2014 | 16:00:08 | Summons Issued-Circuit | Document ID: 14-SMCC-8990, for GANNON, HELEN. HAND-DELIVERED TO ST LOUIS COUNTY SHERIFF | 12-Aug-2014 16:04:29 |
| 12-Aug-2014 | 16:00:08 | Summons Issued-Circuit | Document ID: 14-SMCC-8989, for ST LOUIS IRISH ARTS INC. HAND-DELIVERED TO ST LOUIS COUNTY SHERIFF | 12-Aug-2014 16:04:46 |

Received   2014 AUG 13   PM 12:39   St. Louis County Sheriff's Office

1



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>THEA A SHERRY | Case Number: 14SL-CC02670 | **FILED**<br>AUG 1 8 2014<br>**JOAN M. GILMER**<br>CIRCUIT CLERK, ST. LOUIS COUNTY<br><br>(Date File Stamp) |
|---|---|---|
| Plaintiff's/Petitioner:<br>JAMES MOUNSEY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW JOHN GHIO<br>SUITE 300<br>3115 S GRAND<br>SAINT LOUIS, MO  63118 | |
| Defendant/Respondent:<br> ST LOUIS IRISH ARTS INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

## Summons in Civil Case

The State of Missouri to:  HELEN GANNON
                 Alias:

**7480 WHITEHAVEN DR**
**SAINT LOUIS, MO 63123**

*245TR09.*



*COURT SEAL OF*

      **You are summoned to appear before this court and to file your pleading to the petition, a copy of**
**which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the**
**above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to**
**file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
      **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please**
**notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least**
**three business days in advance of the court proceeding.**

*ST. LOUIS COUNTY*

<u>12-AUG-2014</u>
Date

Further Information:
RAB

                             *Joan M. Gilmer*
                                        Clerk

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
    _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
    Printed Name of Sheriff or Server                                  Signature of Sheriff or Server

           **Must be sworn before a notary public if not served by an authorized officer:**

           Subscribed and sworn to before me on _____ (date).

  *(Seal)*

           My commission expires: _____    _____
                                   Date                             Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ (\_\_\_\_\_ miles @ $.\_\_\_\_\_ per mile) | |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 14-SMCC-8990**    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05;
                                                             54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>THEA A SHERRY | Case Number: 14SL-CC02670 |
| Plaintiff's/Petitioner:<br>JAMES MOUNSEY | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW JOHN GHIO<br>SUITE 300<br>3115 S GRAND<br>SAINT LOUIS, MO 63118 |
| vs. | |
| Defendant/Respondent:<br>ST LOUIS IRISH ARTS INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

**FILED**

AUG 18 2014

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY
(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  ST LOUIS IRISH ARTS INC
                           Alias:

7480 WHITEHAVEN DR
SAINT LOUIS, MO 63123



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

12-AUG-2014
Date                                                                    _Joan M. Gilmer_
                                                                             Clerk
Further Information:
RAB

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

AUG 13 2014

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                                    _____
Printed Name of Sheriff or Server                   Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____                    _____
                              Date                          Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

JAMES MOUNSEY, )
)
  PLAINTIFF, )
)  CASE NO.: 14SL-CC02670
v. )
)  DIV: 5
ST. LOUIS IRISH ARTS, INC., AND )
HELEN GANNON, )
)
  DEFENDANTS. )

## ENTRY OF APPEARANCE AND
## ACKNOWLEDGMENT OF SERVICE OF PROCESS

  Come now Christine A. Vaporean and Brown & James, P.C., and hereby Enter their Appearance as counsel of record on behalf of Defendants.

  The undersigned further acknowledges receipt of service of the Petition on behalf of defendants on August 21, 2014.

Christine A. Vaporean, #48021
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
314-421-3400; 314-242-5337 (direct dial)
314-421-3128; 314-242-5337 (direct fax)
cvaporean@bjpc.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

  A copy of the foregoing was mailed this 3rd day of September, 2014 to: Matthew J. Ghio, Ghio & Desilets, LLP, The Historic Dickmann Building, 3115 S. Grand, Suite 300, St. Louis, MO 63118.

CAV/11901440